# Court of Appeals
# of the State of Georgia

ATLANTA,___October 03, 2016_____

*The Court of Appeals hereby passes the following order:*

**A17E0008. JOHNSON v. THE STATE.**

On September 19, 2016, a trial court held a hearing pursuant to *Sell v. United States*, 539 U. S. 166 (2003), to determine whether the staff of the Georgia Regional Hospital should administer antipsychotic medication to appellant Joshua Johnson against his will for the purpose of rendering him competent to stand trial. On the day after the hearing, the trial court entered an order that the staff of Georgia Regional Hospital should medicate Johnson involuntarily one week after his arrival there. Johnson has been placed on a waiting list to enter Georgia Regional, and evidence at the hearing showed that he is likely to gain admission to that hospital within six months.

On September 21, 2016, Johnson brought his first emergency motion to stay the trial court's order, arguing that "[o]nce Mr. Johnson is forcibly medicated against his will[,] the harm will [have been] done." On September 22, 2016, this Court denied the motion on the ground that it failed to meet the requirements of Rule 40 (b) of this Court.

On September 28, 2016, Johnson filed this second emergency motion. Johnson now asserts that the trial court failed to follow U.S. Supreme Court and Georgia Supreme Court precedent requiring the trial court to find that "important government interests are at stake," that involuntary medication "will significantly further those governmental interests," that such medication is "necessary" to furtherance of those interests, and that the medication is "medically appropriate for the defendant." *Warren v. State*, 297 Ga. 810, 812 (1) (778 SE2d 749) (2015), citing *Sell*, 539 U. S. at 180-181. Johnson also asserts that the order for involuntary medication was

erroneous in that it was not based on "an individualized treatment plan that specifies, at a minimum, (1) the drug or drugs the treating physicians are permitted to use on the defendant, (2) the maximum dosages that may be administered, and (3) the duration the drugs may be used before the physicians report back to the court." *Warren*, 297 Ga. at 832 (3) (b).

Our review of *Warren* and the record shows that Johnson's argument is likely to succeed on the merits because the trial court's written findings merely "recite[ ] the relevant language from *Sell*" and are therefore "insufficient to withstand review." See *Warren*, 297 Ga. at 828 (3) (b). We also conclude that the subject matter of the appeal may become moot before we issue a decision. For both of these reasons, we GRANT Johnson's second emergency motion and stay the operation of the trial court's order of September 20, 2016, pending the resolution of this appeal. We note that the trial court maintains jurisdiction over the injunctive relief granted to the State, including any modification or stay of that relief. See *Warren*, 297 Ga. at 833 (3) (b) ("either the government or the defendant may move to revise the court's *Sell* order if circumstances change during a defendant's treatment"); OCGA § 5-6-45 (a) (notice of appeal acts as supersedeas only in criminal cases "where a sentence of death has been imposed or where the defendant is admitted to bail"). Further, nothing in this order shall be read to preclude Johnson from seeking mental health treatment or medication of his own volition or the State from treating or medicating Johnson for other reasons allowed by law.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/03/2016
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*